**Larry EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 61447.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 17, 1980.

Rehearing Denied Nov. 5, 1980.

Ealy Andrew Bennett, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Veronica Morgan, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery.[1] After finding that appellant had previously been convicted of a felony, the jury assessed punishment at 25 years.

In his sole ground of error, appellant contends that the court's charge to the jury is fundamentally defective. He maintains that the charge failed to require the jury to find that the robbery occurred "in the course of committing theft." Appellant raises this contention for the first time on appeal.

The indictment in the instant case alleges in pertinent part that on December 14,

---

1. On original submission, this appeal was abated because appellant's brief was not in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) or *Currie v. State*, Tex.Cr.App., 516 S.W.2d 683. Appellant has filed a second brief in which he raises a single ground of error. The appeal is reinstated.

1976, appellant did then and there unlawfully:

"*while in the course of committing theft* of money owned by Ernest Brown, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a shotgun." [Emphasis added.]

In applying the law to the facts of the offense, the court charged the jury as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 14th day of December, 1976, in Harris County, Texas, the defendant, Larry Evans, *with intent to deprive Ernest Brown, the owner, of his personal property, to-wit: money, belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Ernest Brown said money belonging to Ernest Brown, and that the defendant, in so doing,* and with intent to obtain or maintain control of said money, then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, that the defendant used or exhibited a deadly weapon, to-wit: a shotgun, then you will find the defendant guilty of aggravated robbery, as charged in the indictment." [Emphasis added.]

An essential element of the offense of aggravated robbery which must be pled and proven is that the offense was committed "in the course of committing theft." *Johnson v. State*, Tex.Cr.App., 541 S.W.2d 185; *Earl v. State*, Tex.Cr.App., 514 S.W.2d 273. V.T.C.A. Penal Code, Sec. 29.01(1) provides:

" 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft."

We have held that an aggravated robbery indictment need not allege the elements of theft or attempted theft. *Severance v. State*, Tex.Cr.App., 537 S.W.2d 753; *Davis v. State*, Tex.Cr.App., 532 S.W.2d 626. Likewise, if the terms "theft" and "in the course of committing theft" are properly defined in the charge, the jury is only required to find that the offense occurred "while in the course of committing theft" in order to convict. These rules prevail even though the proof in such a prosecution will involve proving up a theft or attempted theft. *Reese v. State*, Tex.Cr.App., 531 S.W.2d 638. The rationale for these rules is that under the new Penal Code, robbery is an assaultive offense and no longer an aggravated form of theft. See, *Ex parte Lucas*, Tex.Cr.App., 574 S.W.2d 162.

Although alleged in the indictment and defined in the charge, the court did not require the jury to find that the offense was committed "while in the course of committing theft" in order to convict. Rather, it appears that in applying the law to the facts of the offense, the court attempted to set out the elements of theft under V.T.C.A. Penal Code, Sec. 31.03.

In *Hughes v. State*, Tex.Cr.App., 561 S.W.2d 8, we held as follows:

"With the recent amendments to the theft statute, it is obvious that the offense of theft now has two different sets of possible elements:

"(1) a person

"(2) with the intent to deprive the owner of property

"(3) appropriates property

"(4) without the owner's effective consent; or

"(1) a person

"(2) with the intent to deprive the owner of property

"(3) appropriates property

"(4) which is stolen property

"(5) knowing it was stolen

"(6) by another."

In applying the law to the facts of the instant offense, the court's charge attempt-

ed to set out the first set of elements as recognized in *Hughes*. However, in so doing the court failed to require that the jury find that the appropriation or attempted appropriation was *without the owner's effective consent*.

In *Rider v. State*, Tex.Cr.App., 567 S.W.2d 192, the indictment alleged that the defendant burglarized a building with intent to commit theft. When the court applied the law to the facts of the offense, it attempted to charge on the elements of theft but omitted the phrase "without the owner's effective consent." This Court found the charge to be erroneous in that it did not require the component parts of the intent to commit theft to be found before the jury could convict. Although the court could have simply charged on the intent to commit theft as that term was defined in the charge it chose instead to charge on the component parts of that intent; but, failed to include all of the parts. Even though there was an objection to the charge, it was noted that a charge which does not require the jury to find all of the elements of the offense is fundamentally defective.

 In the instant case the terms "theft" and "while in the course of committing theft" were properly defined in the definitional portion of the charge. However, the court's charge did not require the jury to find that the robbery occurred while in the course of committing theft as defined in the charge in order to convict; rather, the court attempted to set out the component parts of that element. Nevertheless, as noted above, the court omitted an essential part of the element when it did not require the jury to find that appellant took or attempted to take the property without the owner's effective consent.

A jury charge which authorizes a conviction without requiring the jury to find all of the elements of the offense charged is fundamentally defective. *Thompson v. State*, Tex.Cr.App., 574 S.W.2d 103; *West v. State*, Tex.Cr.App., 572 S.W.2d 712. We likewise hold that when in applying the law to the facts, a trial court charges a jury on the component parts of

an element of the offense rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict. The jury charge in the instant case did not so require and is fundamentally defective.

The judgment is reversed and the cause remanded.