**Robert Earl WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60735.**

Court of Criminal Appeals of Texas, En Banc.

June 10, 1981.

Dissenting Opinion to Denial of State's Motion for Leave to File Motion for Rehearing Sept. 23, 1981.

Ronald H. Tonkin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Lewis Dickson, III, Alvin M. Titus, Mike Wilkinson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. After finding appellant guilty, the jury assessed punishment at 15 years.

At the outset, we are confronted with fundamental error which requires reversal in this cause. The indictment in the instant cause alleges in pertinent part that on January 7, 1977, appellant did then and there:

*"while in the course of committing theft of cash money owned by Serena Long, hereafter styled the Complainant, and with intent to obtain and maintain control of the property intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."* (Emphasis added).

In applying the law to the facts of the case and instructing the jury under what circumstances to convict or acquit, the court charged the jury in the following manner:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 4th day of January, 1977, in Harris County, Texas, the defendant, Robert Earl Williams, *with intent to deprive Serena Long, the owner, of her personal property, to wit, cash money, belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Serena Long said cash money belonging to Serena Long, and that the defendant, in so doing, and with intent to obtain or maintain control of said cash money*, then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and that the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find defendant guilty of aggravated robbery, as charged in the indictment.

"Unless you you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant." (Emphasis added).

■ An essential element of the offense of aggravated robbery which must be pled and proven is that the offense was committed "in the course of committing theft." *Johnson v. State*, Tex.Cr.App., 541 S.W.2d 185; *Earl v. State*, Tex.Cr.App., 514 S.W.2d 273.

In *Evans v. State*, Tex.Cr.App., 606 S.W.2d 880, this Court found that the court's charge in an aggravated robbery prosecution was fundamentally defective. There, it was stated:

"In the instant case the terms 'theft' and 'while in the course of committing theft' were properly defined in the definitional portion of the charge. However, the court's charge did not require the jury to find that the robbery occurred while in the course of committing theft as defined in the charge in order to convict; rather, the court attempted to set out the compo-

nent parts of that element. Nevertheless, as noted above, the court omitted an essential part of the element when it did not require the jury to find that appellant took or attempted to take the property without the owner's effective consent. "A jury charge which authorizes a conviction without requiring the jury to find all of the elements of the offense charged is fundamentally defective. *Thompson v. State*, Tex.Cr.App., 574 S.W.2d 103; *West v. State*, Tex.Cr.App., 572 S.W.2d 712. We likewise hold that when in applying the law to the facts, a trial court charges a jury on the component parts of an element of the offense rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict. The jury charge in the instant case did not so require and is fundamentally defective." Id. at 883.

■ The court's charge in the instant case suffers from the same defect as found in *Evans*. Namely, the court did not require the jury to find that the offense occurred "while in the course of committing theft." Moreover, in attempting to set out the elements of the offense of theft, the court omitted an essential part of the element when it did not require the jury to find that appellant took or attempted to take the property without the owner's effective consent.[1] We conclude that the charge in the instant case is fundamentally defective in that it did not require the jury to find all of the elements of the offense in order to convict.

The judgment is reversed and the cause is remanded.

Before the court en banc.

## DISSENTING OPINION TO DENIAL OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

McCORMICK, Judge.

The charge given the jury by the trial court is designed to provide the jury with

1. *Young v. State*, 622 S.W.2d 99 (No. 62–767– May 13, 1981).

the law applicable to the case, so that the jury, after determining the facts, may apply the law to those facts.

It is a well recognized rule that, in examining the legal adequacy of a charge, it must be construed as a whole. *Monticue v. State*, 40 Tex.Cr.R. 528, 51 S.W. 236 (1899); *Robinson v. State*, 596 S.W.2d 130 (Tex.Cr. App.1980); *Thomas v. State*, 599 S.W.2d 812 (Tex.Cr.App.1980).

The paragraph in which the trial court applies the law to the facts must not be read in a vacuum but must be construed in light of the abstract instructions given. See *Jackson v. State*, 591 S.W.2d 820 (Tex. Cr.App.1979); *Rivas v. State*, 496 S.W.2d 600 (Tex.Cr.App.1973); *Robinson v. State*, supra.

In *Rivas*, the application paragraph omitted an element of the offense. However, the jury had been sufficiently informed of that element of the offense in another paragraph and this Court held the charge was not fundamentally defective.

In the recent case of *Jackson v. State*, supra, the application paragraph in an aggravated rape trial stated:

"'5. Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Michael W. Jackson, on or about the 8th day of April, 1976, in the County of Bell, and State of Texas, as alleged in the indictment, did then and there intentionally and knowingly by force, that overcame such earnest resistance as might reasonably have been expected under the circumstances, compel N____ J____ G____, a female not his wife, to submit to sexual intercourse without her consent, or the said Michael W. Jackson did then and there intentionally or knowingly by threats, that would prevent resistance by a woman of ordinary resolution, compel N____ J____ G____, a female not his wife, to submit to sexual intercourse without her consent, you will find the defendant guilty of the offense of aggravated rape and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will

acquit the defendant and say by your verdict "not guilty" but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated rape and proceed to consider whether the defendant is guilty of the lesser included offense of rape.'"

This Court acknowledged that the application paragraph totally failed to require a finding of a threat of imminent infliction of death or serious bodily injury as the indictment alleged. Read alone, the application paragraph did not warrant a conviction for aggravated rape. When the appellant, who was convicted of aggravated rape, complained that the charge was fundamentally defective, this Court held that in light of other portions of the charge, the charge as a whole was not fundamentally defective. See also, *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975), holding that the application paragraph must be viewed in light of other portions of the charge. See also, *Slagle v. State*, 570 S.W.2d 916 (Tex.Cr.App. 1978), at 920.

The record in this case reflects that the jury was instructed in paragraph 2g as follows:

"(g) 'Appropriation' and 'appropriate' mean to acquire or otherwise exercise control over property other than real property. *Appropriation of property is unlawful if it is without the owner's effective consent.* (Emphasis added)

Thereafter, in paragraph 4 (the application paragraph), the jury was instructed in the following terms:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 4th day of January, 1977, in Harris County, Texas, the defendant, Robert Earl Williams, with intent to deprive Serena Long, the owner, of her personal property, to wit, cash money, belonging to said owner, did *unlawfully appropriate or unlawfully attempt to appropriate* from Serena Long said cash money belonging to Serena Long, and that the defendant, in so doing, and with

intent to obtain or maintain control of said cash money, then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and that the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find defendant guilty of aggravated robbery, as charged in the indictment." (Emphasis added)

There was no objection lodged to the charge.

The panel decision in this case held that the charge failed to require that the jury find that the appellant appropriated or attempted to appropriate the property without the owner's effective consent. Therefore, the panel concluded the appellant could have been convicted by the jury without the jury finding that the appropriation or attempted appropriation was without the owner's effective consent. It is true that nowhere in the application paragraph were the words "without the owner's effective consent" used. However, the jurors were told that they must find that the defendant did unlawfully appropriate or unlawfully attempt to appropriate the property. They had previously, in paragraph 2g, been told that appropriation is unlawful if it is without the owner's effective consent. Therefore, before the jury could have convicted appellant they were required to find that the appropriation or attempted appropriation of the property was without the owner's effective consent.

The panel opinion relied upon *Evans v. State*, 606 S.W.2d 880 (Tex.Cr.App.1980), as the authority for its decision that this charge was "fundamentally defective." In *Evans*, the trial court attempted to charge the jury in the application paragraph as the court did here, charging the constituent elements of theft. In that case, as here, the court's application paragraph did not mention the words "without the owner's effective consent." However, that opinion does not indicate whether, in another paragraph, the charge had instructed the jury that appropriation is unlawful if it is without the owner's effective consent. Therefore,

*Evans* may be distinguished from the instant case.

*Evans* also held that a trial court, in its charge to the jury, need only require the jury to find that the offense occurred "while in the course of committing theft", rather than each constituent element of theft, if theft is abstractly defined. It makes no sense to hold that a jury is able to refer back to the abstract definition of a charge to discover what constitutes theft, but is unable to refer back to discover what constitutes one of the elements of theft, unlawful appropriation.

*Taylor v. State*, 599 S.W.2d 831 (Tex.Cr. App.1980), is relevant to our inquiry. There, the defendant had been indicted for aggravated robbery. The indictment alleged the defendant did ". . . then and there while in the course of committing theft and with *intent to obtain and maintain control* of the property. . . ." (Emphasis added). The application paragraph of the jury charge instructed the jury to convict if they found that the defendant did ". . . then and there while in the course of committing theft and with *intent to appropriate* the property. . . ." (Emphasis added).

The Court held, however, that, since the jury was given an abstract definition of appropriate that was virtually the same as the phrase "obtain and maintain control", the charge was not "fundamentally defective." Therefore, this Court recognized that the jury could refer back to the manner in which the word appropriate was defined. Since it was "correctly" defined in the abstract, the charge as a whole was not fundamentally defective.

Since unlawful appropriation was defined in the charge as it is in V.T.C.A. Penal Code, Section 31.03(b)(2), and the jury was required to find all elements the State was required to prove, the charge was not "fundamentally defective." See *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979), at 733. Further, this Court must not ignore the legislative mandate of Article 36.19, V.A.C.C.P. An error in the charge of the court to the jury cannot cause a reversal

unless such error was calculated to injure the defendant's rights or deprives the defendant of a fair and impartial trial.

For these reasons, I must strongly dissent to the overruling of the State's motion for leave to file motion for rehearing.

DALLY and W. C. DAVIS, JJ., join in this dissent.