**Cheryl Ann ESCORT, Appellant,**

v.

**The STATE OF Texas, Appellee.**

No. 60267.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 23, 1981.

Ray Elvin Speece, Houston, for appellant.

Carol S. Vance, Dist. Atty., George Godwin, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

### OPINION

McCORMICK, Judge.

This is an appeal from a conviction for prostitution. Punishment was assessed at 120 days in jail and a fine of $1000.00.

The information charged that appellant did unlawfully "in a public place knowingly solicit R. Calderon to engage with the Defendant in sexual conduct for hire." See, V.T.C.A. Penal Code, Section 43.02(a)(2). In its charge to the jury, the court abstractly instructed that:

"A person commits the offense of engaging in prostitution if she knowingly:

"(1) solicits another in a public place to engage with her in sexual conduct for hire."

In the application paragraph, the court charged:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, CHERYL ANN ESCORT on or about the 1st day of JUNE, 1977, in Harris County, Texas as alleged in the information, did then and there unlawfully in a public place knowingly solicit R. CALDERONE, you will find the defendant guilty and so say by your verdict."

In her initial ground of error, appellant contends that the trial court erred in that the charge failed to require the jury to find that the solicitation was "to engage with her in sexual conduct for hire." Absent such qualification, appellant argues that the charge authorized the jury to find her guilty of prostitution for conduct that does not constitute an offense. We agree and reverse.

The omission from the charge of the requirement that the solicitation be "to engage with her in sexual conduct for hire" is tantamount to allowing a conviction without requiring proof of an allegation of the information. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App. 1979). The charge in this case is not unlike that held erroneous in *Garza v. State*, 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956), which authorized a conviction for possession of beer in a dry area if the jury found the defendant possessed bottles without requiring that the bottles contain beer.

The State contends that, since the court required the jury to find appellant committed the act "as alleged in the information",

and since the verdict stated, "We, the jury find the defendant 'guilty' as charged," there was no enlargement of the offense and no error is presented. The reliance on *Lewis v. State*, 482 S.W.2d 177 (Tex.Cr.App. 1972), and *Salas v. State*, 474 S.W.2d 228 (Tex.Cr.App. 1971), is misplaced. *Lewis* and *Salas* were attacks upon the verdicts as being ambiguous and insufficient to support the conviction. The Court held that a jury verdict will be sufficient if its meaning can be reasonably ascertained from the words used, and when the verdict refers to the indictment, both the indictment and the *charge* must be read in order to make such determination. The charge in the instant case being insufficient, such a determination cannot be made in the case at bar.

Furthermore, the requirement that the jury find appellant committed conduct "as alleged in the information" does not remedy the deficiency. *Bradley v. State*, 560 S.W.2d 650 (Tex.Cr.App. 1978).

The judgment of the trial court is reversed and the cause is remanded.