Frank Herbert FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 60283.

Court of Criminal Appeals of Texas.

Dec. 23, 1981.

Rehearing Denied Nov. 17, 1982.

Barbara H. Fritz, court appointed on appeal only, Victoria, for appellant.

Knute L. Dietze, Dist. Atty., Lidia Serrata, Asst. Dist. Atty., Victoria, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DAVIS and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction of aggravated robbery. Punishment, enhanced by two prior felony convictions, was assessed at life imprisonment. The sufficiency of the evidence to support the conviction is not challenged.

Appellant urges five grounds of error. However, the fifth ground of error points out fundamental error which requires reversal, so that is the only ground which will be discussed. The pertinent part of the indictment alleges the appellant:

"... did then and there *while in the course of committing theft* and with intent to obtain property of Raymond Prasek, to-wit: U.S. Currency, without the effective consent of the said Raymond Prasek and with intent to deprive the said Raymond Prasek of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a handgun, intentionally and knowingly place Raymond Prasek in fear of imminent bodily injury...." (Emphasis added)

In charging the jury on the law of the case, the court instructed them that "appropriation of property is unlawful if it is without the owner's effective consent."

In applying the law to the facts, the court charged:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 31st day of July, 1977 in Victoria County, Texas, the defendant, Frank Herbert Franklin, with intent to deprive Raymond Prasek, the owner, of his personal property, to wit: money belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Raymond Prasek said money belonging to Raymond Prasek, and that the defendant, in so doing, and with intent to

obtain or maintain control of said money, then and there intentionally and knowingly place said owner in fear of imminent bodily injury, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, that defendant used or exhibited a deadly weapon, to-wit, a handgun, then you will find defendant guilty of aggravated robbery with a deadly weapon, as charged in the indictment."

Appellant argues that the court's charge contains fundamental error in that it authorizes a conviction for aggravated robbery without a finding of all elements to show that the offense occurred in the course of committing or attempting to commit theft.

This question was recently decided in *Williams v. State,* 622 S.W.2d 95 (Tex.Cr. App.1981). The decision in that case held that the court's charge, identical to the charge in the instant case, was fundamentally defective in that it did not require the jury to find all of the elements of the offense in order to convict. This Court felt the charge must require the jury to find that the offense occurred "while in the course of committing theft" or the charge must require the jury to find all of the elements of the offense charged. Since the charge in the instant case did not require the jury to find that appellant took or attempted to take the property without the owner's effective consent, the charge is fundamentally defective.[1]

The judgment is reversed and the cause is remanded.

1. Although I disagree with the holding in *Williams v. State, supra,* I am obligated to follow the decisions of this Court. See my dissenting opinion in *Williams.*