Calvin Arthur HILL, Appellant,

v.

The STATE of Texas.

No. A14–81–043–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 10, 1981.

Discretionary Review Granted March 10, 1982.

Walter Pink, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction for aggravated robbery. The jury found appellant guilty and, finding that appellant had previously been convicted of a felony as alleged in the indictment, assessed punishment at 60 years confinement in the Texas Department of Corrections.

Because our review of the record reveals fundamental error, we reverse and remand.

The conviction before us arises out of the early morning robbery of a convenience store in Houston, Texas. A man brandishing a knife with a curved, 12-inch blade forced the complaining witness to open the cash registers. The complaining witness testified that appellant had been in the store on two prior occasions asking "suspicious" questions and identified him as the person who threatened and robbed her on February 25, 1979.

The indictment before us charges appellant with aggravated robbery "while in the course of committing theft." In the charge to the jury the court defined the offense of theft, in pertinent part, as follows:

> Our law provides that a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of such property.
>
> "Appropriate", as used herein, means to acquire or otherwise exercise control over personal property. *Appropriation of property is unlawful if it is without the owner's effective consent.* (Emphasis added.)

The court then applied the law to the facts of the offense as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 25th day of February, A.D. 1979, in Harris County, Texas, the defendant, Calvin Arthur Hill, with intent to deprive Paula Cagle, the owner, of her personal property, did *unlawfully appropriate* from Paula Cagle said property belonging to Paula Cagle, and that the defendant, Calvin Arthur Hill, in so doing, and with intent to obtain or maintain control of said property, then and there intentionally or knowingly threatened or placed said Paula Cagle in fear of imminent bodily injury or death, if you do so find, exhibited a deadly weapon, namely, a knife, then you will find the defendant guilty of the offense of aggravated robbery, as charged in the indictment, and so say by your verdict. (Emphasis added.)

Instead of simply requiring the jury to find that the offense was committed "in the course of committing theft," the court, in applying the law to the facts of the offense,

proceeded to set out the elements of theft. There was no objection made to the charge.

■ An indictment need only allege that aggravated robbery was committed "in the course of committing theft," and if the terms "theft" and "in the course of committing theft" are properly defined in the charge, then in applying the law to the facts the charge need only require the jury to find that the offense occurred "while in the course of committing theft." *Evans v. State,* 606 S.W.2d 880, 882 (Tex.Cr.App. 1980). However, when a trial court applies the law to the facts and charges a jury on the component parts of an element of the offense rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict; a jury charge which does not so require is fundamentally defective. *Williams v. State,* 622 S.W.2d 95 (Tex.Cr.App.1981); *Young v. State,* 621 S.W.2d 779 (Tex.Cr. App.1981); *Evans v. State,* 606 S.W.2d at 883; *West v. State,* 572 S.W.2d 712 (Tex.Cr. App.1978). The Court of Criminal Appeals has recognized two sets of possible elements of the offense of theft: (1) a person, (2) with the intent to deprive the owner of property, (3) appropriates property, (4) without the owner's effective consent; or, (1) a person, (2) with the intent to deprive the owner of property, (3) appropriates property, (4) which is stolen property, (5) knowing it was stolen, (6) by another. *Hughes v. State,* 561 S.W.2d 8 (Tex.Cr.App. 1978).

■ In *Evans, Young* and *Williams,* as in the instant case, the trial courts attempted to set out the elements of theft but, in applying the law to the facts, did not charge the jury to find that the appropriation was "without the owner's effective consent." The *Evans* line of cases holds that the omission of that essential part of the element of theft renders the charge fundamentally defective. Because the *Evans* and *Young* opinions do not articulate the language which those trial courts used to define "appropriate" we took the extraordinary measure of examining the original record of the *Evans* charge and ascertained

that it, like the *Williams* charge and the charge before us, instructed the jury that "appropriation of property is unlawful if it is without the owner's effective consent" and then conditioned conviction on a finding of "unlawful" appropriation. There is no question but that the case before us is controlled by *Evans.* We are therefore compelled to conclude that, because the trial court undertook to set out the component parts of the element of theft in its charge to the jury, the omission of a part of that element (i.e., "without the owner's effective consent") renders the jury charge fundamentally defective. For that reason we must reverse and remand for new trial.

■ We are bound to follow the decisions of the Court of Criminal Appeals, and we do so here. We would, however, urge that distinguished court to reexamine the holdings of *Evans, Young,* and *Williams.* In the charges at issue the trial courts defined the element of theft in language which substantially follows the statute. Section 31.03 of the Texas Penal Code Annotated (Vernon Supp. 1980–81) provides, in pertinent part:

   (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

   (b) Appropriation of property is unlawful if:

      (1) it is without the owner's effective consent; or . . .

In the *Evans* line of cases the courts instructed the jury that appropriation of property is unlawful if it is without the owner's effective consent and then, in effect, based the charge on what we perceive to be a third set of possible elements of the offense of theft: (1) a person, (2) with the intent to deprive the owner of property, (3) unlawfully appropriates. When such a charge is read as a whole, we think it does require the jury to find each essential element of the offense. Under the *Evans* holding the trial court could have abstractly defined theft and merely required the jury to find that the offense occurred "while in the course of committing theft." We agree with the three dissenting justices in *Williams* that "(i)t makes no sense to hold that

a jury is able to refer back to the abstract definition of a charge to discover what constitutes theft, but is unable to refer back to discover what constitutes one of the elements of theft, unlawful appropriation." *Williams v. State,* 622 S.W.2d at 98. When a jury has been fully instructed in language which substantially follows the language of the statute and has before it in the charge itself proper definitions to which to refer, we see no reason to require such a technical repetition; this is especially true when there is nothing in the record to suggest that the accused may not have had a fair trial. Where there is no objection to the charge at the time of trial, error in the charge should not constitute grounds for reversal unless the error appearing from the record was calculated to injure the rights of the defendant or unless it appears from the record that the defendant has not had a fair and impartial trial. Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981). In ruling on another aspect of fundamental error in a jury charge, the Court of Criminal Appeals has said,

> If not otherwise faulty, a charge of the court that requires the jury to find each essential element of the offense charged and comports with the legal theory presented by the State through evidence that proves every factual allegation made in the charging instrument is not fundamentally defective, for the accused has been apprised of everything that due process and due course of law mandate.

*Sattiewhite v. State,* 600 S.W.2d 277 (Tex. Cr.App.1979). In our opinion that language describes succinctly the charges at issue in the *Evans* line of cases. Despite the difference of opinion on this issue, we of course adhere to the decision of the Court of Criminal Appeals and reverse and remand.

Appellant presents twelve additional grounds of error, each of which we have considered and overrule. We find it unnecessary to discuss those grounds of error which are not likely to arise in another trial and confine further discussion to those questions which may recur in a new trial.

■ In his first ground of error appellant contends that the State exercised its peremptory challenges in a discriminatory manner to exclude black venire members and that, for that reason, the court committed reversible error in overruling appellant's motion for mistrial or to quash the jury panel.

Although appellant argued his position to this court and to the trial judge, the record before us is void of evidence to support appellant's contention. There is no bill of exceptions and, at the hearing on motion for new trial, defense counsel did not seek an extension of time in order to present his evidence. Moreover, in response to defense counsel's statements in this regard during voir dire the trial judge instructed the prosecutor not to strike anyone on the basis of race alone. The Court of Criminal Appeals has considered similar arguments numerous times and has consistently found no reversible error based on alleged systematic exclusion of prospective black jurors through the use of peremptory challenges. To hold otherwise would abolish our peremptory challenge practice which helps an accused as well as the State obtain an impartial jury and a fair trial. *Evans v. State,* 622 S.W.2d 866 (Tex.Cr.App.1981); *Jason v. State,* 589 S.W.2d 447 (Tex.Cr.App.1979); *Duncantell v. State,* 563 S.W.2d 252 (Tex.Cr.App.1978); *Ridley v. State,* 475 S.W.2d 769 (Tex.Cr. App.1972).

The thrust of the argument presented as appellant's fifth ground of error is that the trial court erred in denying a motion to suppress the complainant's in-court identification of appellant because that in-court identification was tainted by an unnecessarily suggestive lineup which, in the totality of the circumstances, was conducive to irreparable mistaken identification.

■ We need not decide whether appellant's attack on the lineup procedure is justified for, regardless, no reversible error is presented to this court. Where an in-court identification of a defendant is of independent origin based on observation of the defendant during commission of the offense, it is not tainted by a lineup identi-

fication. *Wyatt v. State,* 566 S.W.2d 597 (Tex.Cr.App.1978). The complaining witness testified unequivocally that her in-court identification of appellant was based upon her observation of him during the commission of the robbery. Therefore, we overrule appellant's fifth ground of error.

Appellant's sixth ground of error also concerns the in-court identification. We understand appellant to contend that the court committed reversible error by permitting the State to bolster unimpeached testimony in regard to the in-court identification with testimony from the same witness in regard to the lineup identification.

While other witnesses may not bolster such unimpeached testimony, a witness who has identified her assailant at trial may testify that she also identified him at a prior lineup. *Id.* Appellant's sixth point of error is overruled.

Appellant next attacks the sufficiency of the evidence by questioning the accuracy of the identification testimony by the complaining witness.

In determining the sufficiency of the evidence we must view the evidence in the light most favorable to the jury's verdict. *Jones v. State,* 442 S.W.2d 698 (Tex. Cr.App.1969). The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. Tex.Code Crim.Pro.Ann. art. 36.13 (Vernon 1981) & art. 38.04 (Vernon 1979); *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974). It is apparent that the jury believed the testimony of the complaining witness. We find the evidence sufficient to support the jury verdict and overrule appellant's tenth ground of error.

Appellant asserts in his eleventh ground of error that the trial court committed reversible error in overruling his motion to dismiss the enhancement portion of the indictment. In support of that assertion appellant cites cases in which a prior conviction was shown to be void by undisputed evidence and also cites a case which holds it to be error for the State to fail to show by independent testimony that a defendant is the same person who was convicted in the record of prior conviction. We have reviewed the pages of the record referred to by appellant in connection with this argument and find nothing which would constitute reversible error. Despite appellant's lengthy objection and discussion with the court upon the introduction of the penitentiary packet containing records of prior convictions, the trial court was "not sure what his objection is" and neither are we. There is nothing in the record to suggest that the prior conviction may have been void. Moreover, the expert testimony of Sergeant J.D. Satcher of the Harris County Sheriff's Department identified the fingerprints contained in the records of prior convictions and the fingerprint sample taken from appellant in the courtroom as coming from one and the same individual. We are unable to identify and understand the point of appellant's eleventh ground of error; therefore, no error is presented for review. Tex. Code Crim.Pro.Ann. art. 40.09 § 9 (Vernon Supp. 1980–81).

In his twelfth point of error, appellant argues that the court committed fundamental error in failing to apply the specific wording of the indictment to the court's charge.

Appellant was indicted for aggravated robbery. The indictment alleges, in pertinent part, that appellant placed complainant in fear of imminent bodily injury and death "by using and exhibiting a deadly weapon." The court eliminated the words "using and" and charged the jury to base the verdict on whether appellant "exhibited" a deadly weapon.

The relevant portion of Section 29.03 of the Texas Penal Code Annotated (Vernon 1974) provides as follows:

(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon.

Under the statute, proof of either use *or* exhibition is sufficient to establish that ele-

ment of the offense of aggravated robbery. It is not error for the trial court to charge the jury in the disjunctive language of the statute, substituting the word "or" for the word "and" found in the indictment. *Robinson v. State*, 596 S.W.2d 130, 133 (Tex.Cr. App.1980); *Cowan v. State*, 562 S.W.2d 236, 240 (Tex.Cr.App.1978). The effect of the court's charge is the same as if the disjunctive "or" of the statute had been used; therefore, no error is shown. Appellant's twelfth ground of error is overruled.

Because the jury charge contains fundamental error, we reverse and remand.