Calvin Arthur HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 017–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 22, 1982.

---

Walter J. Pink, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

This cause is before us on the State's Petition for Discretionary Review. The Court of Appeals reversed appellant's conviction for aggravated robbery, holding that the jury charge contained fundamental error under *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.), in that the paragraph of the charge wherein the law is applied to the facts of the case failed to include the element "while in the course of committing theft." The omission of this element is permissible under *Evans* only where the

trial judge then sets out the elements of the offense of theft. Here, the court omitted the element which designated in what manner the appropriation of property was unlawful; to-wit: "without the effective consent of the owner." Because the element "while in the course of committing theft" was omitted, the lower court should have then included all of the theft elements. Failure to do so is fundamental error for it allows the jury to convict without ensuring that all the elements of the offense are proven beyond a reasonable doubt. See also *Williams v. State,* 622 S.W.2d 95 (Tex. Cr.App.); *Young v. State,* 621 S.W.2d 770; *Rushing v. State,* 621 S.W.2d 606 (Tex.Cr. App.).

The State now urges this Court to overrule the *Evans* line of cases and although the Court of Appeals applied *Evans* in reversing the conviction, that case was criticized and we were invited to reexamine the requirements of a jury charge for the offense of aggravated robbery. See *Hill v. State,* 625 S.W.2d 803 (Tex.App.—Houston [14th] 1981). Although we are not constrained to follow precedent, we decline to overrule *Evans* because reexamination of its holding results in a finding that the decision is a sound one, founded on logical reasoning.

The indictment, in pertinent part, alleges that appellant:

"did then and there unlawfully, while in the course of committing theft of property owned by PAULA CAGLE, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a knife."

In the charge to the jury, the trial court abstractly defined the offenses of robbery, aggravated robbery and theft. The court also defined the term "appropriate" and instructed the jury that appropriation of property is unlawful if it is without the owner's effective consent.

In applying the law to the facts of the case, the trial court instructed the jury as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 25th day of February, A.D. 1979, in Harris County, Texas, the defendant, Calvin Arthur Hill, with intent to deprive Paula Cagle, the owner, of her personal property, did unlawfully appropriate from Paula Cagle said property belonging to Paula Cagle, and that the defendant, Calvin Arthur Hill, in so doing, and with intent to obtain or maintain control of said property, then and there intentionally or knowingly threatened or placed said Paula Cagle in fear of imminent bodily injury or death, if you do so find, exhibited a deadly weapon, namely, a knife, then you will find the defendant guilty of the offense of aggravated robbery, as charged in the indictment, and so say by your verdict."

The Court of Appeals correctly held that this case is controlled by *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.), wherein it was stated:

"In the instant case the terms 'theft' and 'while in the course of committing theft' were properly defined in the definitional portion of the charge. However, the court's charge did not require the jury to find that the robbery occurred while in the course of committing theft as defined in the charge in order to convict; rather, the court attempted to set out the component parts of that element. Nevertheless, as noted above, the court omitted an essential part of the element when it did not require the jury to find that appellant took or attempted to take the property without the owner's effective consent.

"A jury charge which authorizes a conviction without requiring the jury to find all of the elements of the offense charged is fundamentally defective. *Thompson v. State,* Tex.Cr.App., 574 S.W.2d 103; *West v. State,* Tex.Cr.App., 572 S.W.2d 712. We likewise hold that when in applying the law to the facts, a trial court charges a jury on the component parts of an element of the offense rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict. The jury charge in the instant case did not so require and is fundamentally defective."

In *Evans* this Court relied on *Rider v. State,* 567 S.W.2d 192 (Tex.Cr.App.), by drawing an analogy to a burglary conviction which was reversed because of a fundamentally defective charge. The indictment charged the defendant with burglary with intent to commit theft. As with an aggravated robbery charge, it is permissible for the trial judge to simply define the term "theft" abstractly in the charge and in applying the law to the facts instruct the jury that they may find the defendant guilty "if they find beyond a reasonable doubt that at the time of the offense he had the intent to commit the offense of theft as defined therein." *Rider v. State,* 567 S.W.2d at 195. Instead, however, the trial judge attempted to set out the elements of theft and omitted the element "without the owner's consent." In applying the law to the facts the trial judge must require that *all* the elements of the offense be found. If the judge chooses to omit the element "with intent to commit theft", all the component parts of theft must be applied to the facts, just as the elements of theft must be applied to the facts under *Evans* if the trial judge omits the element "while in the course of committing theft."

The requirement that *all* of the elements of theft be set out in the paragraph applying the law to the facts[1] is further supported by caselaw enunciating the require-

---

1. We again emphasize that this is a requirement *only* where the trial judge chooses to omit the element of "while in the course of committing theft." This is the preferred method of charging the jury in an aggravated robbery case. The jury is then to refer to the abstract definition of theft where *all* the elements are set out together.

ments of a charge in a theft case. In *Bradley v. State,* 560 S.W.2d 650 (Tex.Cr. App.), this Court reversed a theft conviction on a fundamentally defective jury charge. In applying the law to the facts of the case, the trial judge failed to include the element of "without the owner's effective consent." See V.T.C.A., Penal Code Sec. 31.03(b)(1). Further, it was specifically noted in *Bradley* that the court's abstract instructions will not remedy a deficiency in the paragraph of the charge applying the law to the facts of the case.

The argument advanced is largely based upon the dissenting opinion in *Williams v. State,* 622 S.W.2d 95, 96 (Tex.Cr.App.). It is contended that the charge must be read "as a whole" and that the paragraph in which the law is applied to the facts must not be read in a vacuum but must be construed in light of the abstract instructions given. It is true that in some cases in which a jury charge is challenged as being defective that the charge should be examined in its entirety. See *Thomas v. State,* 599 S.W.2d 812 (Tex.Cr.App.); *Slagle v. State,* 570 S.W.2d 916 (Tex.Cr.App.). There is also authority for the proposition that the portion of the court's charge to which we normally look in determining whether the charge is *fundamentally* erroneous is the part that applied the law to the facts. *Thomas v. State,* 587 S.W.2d 707 (Tex.Cr. App.); *Jones v. State,* 576 S.W.2d 393 (Tex. Cr.App.). In other words, in those cases which rely on the rule that the charge be examined as a whole, the issue presented was not one of *fundamental* error for failure to include all elements of the offense. See *Slagle,* supra. In *White v. State,* 610 S.W.2d 504 (Tex.Cr.App.), this Court considered an allegation of fundamental defect by viewing the charge "as a whole," but specifically distinguished a case relied on by the defendant wherein a conviction was reversed for omission of an element of the offense from the charge. *White,* supra, at 507. Compare *West v. State,* 567 S.W.2d 515 (Tex.Cr.App.). Similarly, in *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.), a

challenge to the sufficiency of a jury charge in an aggravated robbery case resulted in an examination of the charge as a whole. Before determining that such an examination was appropriate, however, we initially noted that the complained of omission was not one of an entire essential element, distinguishing *West,* supra; *Bradley,* supra; and, *Windham v. State,* 530 S.W.2d 111 (Tex.Cr.App.).

Where the paragraph applying the law to the facts omits an essential element of the offense, an examination of the remainder of the charge, including the abstract definitions, is never sufficient to cure the error caused by the omission. The first step in analyzing a fundamental error issue for failure to include all necessary elements of the offense is to examine the paragraph of the charge which applies the law to the facts of the case.

Another argument advanced is that the omission of "without the owner's effective consent" from the paragraph applying the law to the facts is not a defect because the jury is charged that they must find appellant unlawfully appropriated the property and in the abstract definitions unlawful appropriation is defined as being without the owner's effective consent. Thus, if the jury refers back to the abstract definitions, they must find this sub-element before finding appellant guilty. This view overlooks the importance of the paragraph of the charge where the trial judge applies the law to the facts and does not adequately ensure that each and every element of the offense be found by the jury beyond a reasonable doubt. Similarly, the argument that an omission of an element from a charge will be remedied where the jury is required to find a defendant committed conduct "as alleged in the information" or "as alleged in the indictment" has been consistently rejected. *Escort v. State,* 621 S.W.2d 608, 609 (Tex.Cr.App.); *Bradley v. State,* supra. Further, in *Escort,* the omission of an element in a prostitution case was not cured by the inclusion of that element in the

court's abstract definitions, even though the application paragraph commenced with the phrase "[n]ow bearing in mind the foregoing instructions . . ." Thus, even though the completion of a recitation of the elements of an offense may be accomplished by referring to portions of the charge other than the application paragraph, such an approach would greatly diminish the protection afforded to a defendant by requiring the trial judge to apply the *entire* set of elements to the evidence in the application paragraph of the charge.

The importance of this requirement was emphasized in *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.) and *Williams v. State,* 547 S.W.2d 18 (Tex.Cr.App.). In *Harris* we noted that:

> "It is well established that the charge, rather than state mere abstract propositions of law and general statements of principles contained in the statutes, *must clearly apply the law to the very facts in the case.*" [citations omitted.] (Emphasis added.)

The facts presented a situation where the trial court utterly failed to apply the law to the evidence and thus "the jury was not instructed under what circumstances they should convict, or under what circumstances they should acquit." *Harris,* 522 S.W.2d at 202. The same error was committed in *Williams* and the emphasis by this Court on the importance of the application paragraph is fully consistent with the view that abstract definitions will not cure the omission of an element from that paragraph. The omission of an element from the application paragraph is as fundamentally defective as an omission of the paragraph in its entirety. We note the language of *Williams* as being most instructive:

> "The law must come from the court, the facts must be decided by the jury, and the charge, to instruct the jury properly, must apply the law to the facts raised by the evidence. . . . *An abstract*

charge does not inform the jury of what facts, if found by it, would constitute proof of the elements of the offense."
(Emphasis added.)

Thus, the most fundamental reason for rejecting the State's argument is that if the jury is required to refer to the abstract definition for the element "without the owner's effective consent," they have only been informed of what facts would constitute proof of some of the elements of the theft but not all of those elements. Such an approach invites confusion. In *Williams* it was also noted that:

> "It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to *lead and prevent confusion.* A charge that does not apply the law to the facts fails to lead the jury to the threshold of its duty: to decide those fact issues." (Emphasis added.)

*Williams,* supra, at 20.

It is also impliedly argued that by reaffirming *Evans* this Court is ignoring the "legislative mandate" of Art. 36.19, V.A.C. C.P. wherein it is stated that a judgment shall not be reversed for error in a jury charge unless it appears from the record that the error "was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." However, such an argument seems to advance the proposition that a separate analysis to determine prejudice is necessary after the reviewing court has found fundamental error. Rather, the rule is that where such error is contained in the charge, the standard for prejudice under Art. 36.19 is automatically met. In other words, in determining that there is fundamental error, we are determining that the error was calculated to injure the rights of the defendant. Thus, not only is that process of finding fundamental error in compliance with Art. 36.19, it is additionally a finding that the "legislative mandate" of Art. 36.14[2] has been vio-

---

**2.** Art. 36.14 specifies the duties of the trial judge in charging the jury and includes the

requirement that the judge shall deliver to the

lated. See *Harris,* supra; *Williams,* supra; *Beggs v. State,* 597 S.W.2d 375 (Tex.Cr. App.).

Finally, it is contended that the inclusion in the application paragraph that the jury must find appellant threatened or placed the owner in fear of imminent bodily injury or death is tantamount to a finding that the underlying theft was without effective consent. This argument is without consideration of the fact that robbery and theft are two distinct offenses, *Watson v. State,* 532 S.W.2d 619 (Tex.Cr.App.), and that the victim of the robbery and the victim of the theft need not be the same person. *Servance v. State,* 537 S.W.2d 753 (Tex.Cr. App.); *Earl v. State,* 514 S.W.2d 273 (Tex. Cr.App.). Therefore, the fact that the victim of the aggravated robbery is threatened or placed in fear of bodily injury does not necessarily mean that the taking was without the owner's effective consent because the owner may be a person other than the victim of aggravated robbery.

█ We reaffirm the requirement that where the trial judge chooses to delete "while in the course of committing theft" and instead charges on the component elements of theft, those elements must be applied to the facts without omission of any element. The jury must be instructed in the application paragraph that each of those elements, as applied to the evidence, must be found in order to find a defendant guilty beyond a reasonable doubt.

The Court of Appeals correctly found fundamental error in the jury charge under *Evans,* supra. Accordingly, the judgment is affirmed.

CLINTON, Judge, dissenting.

As germane here a person commits the offense of robbery if, in the course of com-

mitting theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. V.T.C.A. Penal Code, § 29.02(a)(2).[1] In *Evans v. State,* 606 S.W.2d 883 (Tex.Cr. App.1980), from an accepted principle of the law of fundamental error in a court's charge, a Court Panel formulated a theory to find fundamentally defective an application paragraph that omitted "without the owner's effective consent," it being a component part of the element of theft which, in turn, is said to be an element of the offense of robbery. I am no longer persuaded that our *Evans* formulation is correct, but for reasons other than those advanced by dissenters now and earlier. See, e.g., *Williams v. State,* 622 S.W.2d 95 (Tex. Cr.App.1981) and *Young v. State,* 621 S.W.2d 779 (Tex.Cr.App.1981). Accordingly, I write separately to set forth my views about the narrow problem presented in the instant cause.

According to Article 36.14, V.A.C.C.P., in a jury trial on the merits of an indictment the judge of any trial court of record shall deliver to the jury "a written charge distinctly setting forth the law applicable to the case..." A general rule of thumb is that such a charge should authorize and direct the jury to resolve every ultimate factual issue tendered by pleadings and raised by evidence. *Sattiewhite v. State,* 600 S.W.2d 277, 284–285 (Tex.Cr.App.1980); *Wilson v. State,* 625 S.W.2d 331, 335–336 (Tex.Cr.App.1981) (Concurring Opinion). From that general rule it follows that abstract definitions and portions of a statute that are not material to issues made by the indictment and evidence should not be reproduced in a charge of the court, for that practice, as the Court has admonished, "at best is useless and at worst may confuse and mislead the jury and, therefore, preju-

---

jury "... a written charge distinctly setting forth the law applicable to the case...."

1. Though the instant case is one of aggravated robbery, there is no problem regarding the applicable aggravating feature of using or exhibit-

ing a deadly weapon. *Id.,* § 29.03(a)(2). So resolution of the issue that is troubling the Court will be simplified by pretermitting further discussion of the element of aggravation.

dice a defendant," *Dowden v. State,* 537 S.W.2d 5, 7 (Tex.Cr.App.1976); *Toler v. State,* 546 S.W.2d 290, 293–294 (Tex.Cr.App. 1977).

Turning to the indictment in the case at bar, one observes that an essential element of the offense of robbery was alleged generally—that appellant acted "while in the course of committing theft of property." That element embraces conduct which occurs "in an *attempt* to commit, *during* the commission, *or* in immediate *flight*" thereafter, as defined by V.T.C.A. Penal Code, § 29.01(1).[2]   However, according to the Court of Appeals, the robber brandished a knife and forced complainant to open cash registers of a convenience store and thereby accomplished a completed theft.   Thus, though the indictment broadly encompassed every manner of being in "the course of committing theft," the proof showed but one.   Under the general rule of thumb and prior admonitions from the Court, both mentioned above, the only part of the legal definition of "in the course of committing theft" applicable to the facts of this case is conduct of appellant occurring "during the commission of theft."

This Court has often pointed out that an essential element of the offense of robbery which must be pled and proven is that the offense was committed "in the course of committing theft," and we did so again in *Evans,* at 882.   A consideration for allowing such a broad submission of every manner by which conduct may occur in the course of committing theft must be to permit the prosecution to succeed if any one manner is supported by evidence.   See *Reese v. State,*

531 S.W.2d 638 (Tex.Cr.App.1976).   However, when the proof is to the effect that theft was actually committed surely it is proper to limit deliberations by the jury to the allegations in the indictment which are supported by the evidence.   See *Sandig v. State,* 580 S.W.2d 584, 586 (Tex.Cr.App. 1979).

V.T.C.A. Penal Code, § 31.03(a) prescribes elements of the offense of theft, *viz:* "A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property."[3]   The application paragraph in the charge of the court covered that complete statutory definition of theft by directing the jury to find if appellant "with intent to deprive Paula Cagle, the owner, of her personal property, did unlawfully appropriate from Paula Cagle said property belonging to Paula Cagle . . .," thereby isolating the related element of *robbery* to conduct occurring during the commission of theft.   The remaining clauses and phrases in the paragraph implicate other *elements of robbery and of aggravated robbery* as alleged in the indictment.[4]

In sum, when it came to applying the law of robbery to the facts of the case, the charge of the trial court required the jury to find every applicable statutorily prescribed element of robbery tendered by the indictment and raised by the evidence adduced by the State.   What it did not require in haec verba was that the jury find what the majority denominates "this sub-element"—"without the owner's effective consent"—and therein lies its fundamental defect, according to the majority.

The rationale for certain rules formulated by the Court for alleging and proving an

**2.** All emphasis is mine unless otherwise indicated.

**3.** It is certainly true that the Court has engrafted onto the straight forward statement of the offense of theft a requirement that a theft indictment allege a manner of appropriation that comports with § 31.03(b)(1) or (2).   See *Hughes v. State,* 561 S.W.2d 8 (Tex.Cr.App. 1978).

**4.** ". . . and that the defendant . . . in so doing, and with intent to obtain or maintain control of

said property, then and there intentionally or knowingly threatened or placed said Paula Cagle in fear of imminent bodily injury or death . . . exhibited a deadly weapon, namely, a knife, then you will find the defendant guilty of the offense of aggravated robbery, as charged in the indictment. . ."   Note that while "using and exhibiting" the knife had been alleged, the charge properly omitted "using" since the evidence was that it had been only exhibited—brandished.

aggravated robbery vis a vis elements of the underlying theft attempted, committed or fled from is that robbery is an assaultive offense under the new penal code rather than an aggravated form of theft under the old. See *Ex parte Lucas,* 574 S.W.2d 162 (Tex.Cr.App.1978).

Into the new penal code the Court has imported from the old robbery statutes the proposition that when "the owner parts with his property because of an assault, fear or violence his consent or want of consent is irrelevant ...," 5 Branch's Annotated Penal Code (2nd Ed.) § 2592. *Reese v. State,* supra, at 641. Furthermore, we are informed by the Practice Commentary following § 29.02 that "the violence used or threatened must be for the purpose of *compelling acquiescence* to the theft or of *preventing* or *overcoming* resistance to the theft." Thus, inherent in the statutory requirement that an accused be shown to have intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death is that an owner's lack of consent to a forcible taking of his property is a nonissue in a robbery case. Stated another way, a taking "without the owner's effective consent" never becomes a disputed fact issue when it is alleged, proven and found that the owner was threatened or placed in fear of imminent bodily injury or death intentionally or knowingly by an accused in the course of the taking.[5]

For these reasons the charge of the court in the case at bar does not present fundamental error—indeed, it is not defective at all in the particular under examination. Therefore, there is no need to argue whether the charge is to be read as a whole, what makes sense about a jury being able to refer back to one abstract definition but not another or whether to brush the whole dispute aside on grounds that from the record it does not appear that error, if any, deprived appellant of a fair trial or injured his rights.

*Evans* and its progeny should be overruled, even if "without the owner's effective consent" is somehow a "sub-element" of robbery, because we failed to perceive that requiring a jury to find that appellant "then and there intentionally and knowingly threatened or placed said Paula Cagle in fear of imminent bodily injury or death" rendered a factual finding to her lack of effective consent immaterial.

I respectfully dissent.

McCORMICK, Judge, dissenting.

Once again a majority of this Court, oblivious to sound legal reasoning and sound legal precedent, has travelled a circuitous path in affirming the Court of Appeals judgment in this case. Basically the majority opinion holds that the rule this Court announced in *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980), is a good rule simply because it exists.

This Court has totally ignored the very open cries of distress being uttered throughout this state by trial judges, other appellate judges and prosecutors. Justice Junell of the Houston Court of Appeals (14th District) in writing on this very case *urges* this Court to re-examine our holdings in *Evans v. State,* supra, and its progeny. He writes:

> We agree with the three dissenting justices in Williams [*Williams v. State,* 622 S.W.2d 95 (Tex.Cr.App.1981)] that "it makes no sense to hold that a jury is able to refer back to the abstract definition of a charge to discover what constitutes theft, but is unable to refer back to discover what constitutes one of the elements of theft, unlawful appropriation" *Williams v. State,* 622 S.W.2d at 98. When a jury has been fully instructed in language which substantially follows the language of the statute and has before it in the charge itself proper definitions to

---

5. By definition in a theft case consent is not effective if induced by coercion, and coercion means "a threat, however, communicated, ...

to inflict bodily injury in the future on the person threatened or another," V.T.C.A. Penal Code, § 31.01(1)(B) and (4)(A).

which to refer, we see no reason to require such a technical repetition; this is especially true when there is nothing in the record to suggest that the accused may not have had a fair trial. Where there is no objection to the charge at the time of trial, error in the charge should not constitute grounds for reversal unless the error appearing from the record was calculated to injure the rights of the defendant or unless it appears from the record that the defendant has not had a fair and impartial trial. Tex.Code Crim. Proc.Ann. art. 36.19 (Vernon 1981). *Hill v. State,* 625 S.W.2d 803, at 806, 807 (Tex. App.—Houston (14th District 1981).

Justice Junell goes on to say that he and his colleagues believe that where as in the case at bar, the court's charge requires the jury to find each essential element of the offense charged and properly charges as to the legal theory presented by the State through evidence that proves every factual allegation made in the indictment, the accused has received due process and is not entitled to reversal.

The justices of the Sixth Court of Appeals have also voiced their concern. In *Allen v. State,* No. 6–81–011–CR, 5–18–82 (Tex.App.—Texarkana, 1982), they wrote:

The appellants have not shown an injury to their rights or a denial of a fair trial. Our review of the charge as a whole, *Monticue v. State,* 40 Tex.Cr.R. 528, 51 S.W.2d 239 (1899), together with the facts of record, convince us that the appellants were not injured by the trial court's omission. Following the definition of fundamental error in *Simmons v. State,* supra, and other cases we would logically conclude that there is no fundamental error present.

Nevertheless, the Court of Criminal Appeals has held that a charge which in its application of the law to the facts neglects to require the unlawful appropriation was without the owner's consent, is fundamentally defective. (Op., pp. 2–3).

And finally, the justices of the Thirteenth Court of Appeals have written the following:

In other words, under this charge, if the jury had followed the definitions, they could not have found the appropriation to be 'unlawful' unless they found it 'was without the owner's effective consent.'

Still feeling that this analysis is correct, we yield, as it is our duty to do, to the majority opinion in *Williams* which holds that the phrase 'unlawfully appropriate' is inadequate to submit the without-effective-consent element of theft even though 'unlawful appropriation' is defined in the charge to mean appropriation that is 'without the owner's effective consent.' [2]

We join with Justices Junell, Brown, and Price of the 14th District Court of Appeals in *Hill v. State,* 625 S.W.2d 803 (Tex.Cr.App. [14th Dist.] 1981), in respectfully urging the Court of Criminal Appeals to reconsider its holdings in *Evans, Young,* and *Williams.* (Footnote omitted). *Castillo v. State,* No. 13–81–108–CR, 8–26–82 (Tex.App.—Corpus Christi, 1982).

I would urge the majority of this Court to heed the urgings of these lower courts. As Justice Brandeis stated in *Di Santo v. Pennsylvania,* 273 U.S. 34, 47 S.Ct. 267, 71 L.Ed. 524 (1927):

The logic of words should yield to the logic of realities. 273 U.S. at 43, 47 S.Ct. at 270.

As noted in the majority, the indictment charged appellant with aggravated robbery. In the jury charge, the trial court defined the offenses of robbery, aggravated robbery and theft. In addition, the court defined appropriation and instructed the jury that appropriation of property is unlawful if it is without the owner's effective consent. The charge then applied the law to the facts:

Now, if you find from the evidence beyound a reasonable doubt that on or about the 25th day of February, A.D. 1979, in Harris County, Texas, the defendant, Calvin Arthur Hill, with intent to deprive Paula Cagle, the owner, of her personal property, did *unlawfully appro-*

*priate* from Paula Cagle said property belonging to Paula Cagle, and that the defendant, Calvin Arthur Hill, in so doing, and with intent to obtain or maintain control of said property, then and there intentionally or knowingly threatened or placed said Paula Cagle in fear of imminent bodily injury or death, if you do so find, exhibited a deadly weapon, namely, a knife, then you will find the defendant guilty of the offense of aggravated robbery as charged in the indictment, and so say by your verdict. (emphasis added)

As the majority correctly notes, the trial judge failed to include the element of "while in the course of committing theft". Instead the trial judge *properly* set out the elements of the offense of theft. According to V.T.C.A., Penal Code, Section 31.-03(a), the offense of theft is made up of the following elements:

(1) a person

(2) unlawfully

(3) appropriates property

(4) with intent to deprive

(5) the owner of property

A review of the application paragraph of the charge reveals that all these elements are present. The majority writes that "without the effective consent of the owner" is an element of theft. However, that is not correct. "Without the effective consent" is not an element of theft, but it is actually a sub-element of unlawful appropriation.

V.T.C.A., Penal Code, Section 31.03(b) gives two alternate definitions for the unlawful appropriation of property:

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; or

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another.

As noted in the majority opinion, the jury was informed in the abstract portion of the charge that appropriation of property is unlawful if it is without the owner's effective consent. It is absurd to suggest that the jury could not absorb that information and properly apply it to their deliberations. It is clear that before the jury could find that the appellant unlawfully appropriated the property, they were required to find that the appropriation was *without the owner's effective consent.*

The charge must be read as a whole. The majority would have us believe that in cases where the appellant is alleging fundamental error for failure to include all of the elements of the offense, the application paragraph must be examined alone. The majority opinion cites *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.1980), for this proposition. But *Robinson v. State,* supra, an aggravated robbery, case does not say that. Rather this Court in *Robinson* said:

> Appellant made no objection to the omission as required by Article 36.14, V.A.C.C.P., nor did he "by a special requested instruction, call the trial court's attention to [the] omission" as is mandated by Article 36.15, V.A.C.C.P. It is therefore appropriate to view the charge as a whole in order to determine whether any of the fundamental evils condemned by our holding infected appellant's conviction in the instant case. *Slagle v. State,* 570 S.W.2d 916 (Tex.Cr.App.1978). *Robinson v. State,* 596 S.W.2d at 132, 133.

The court then went on to examine the charge as a whole and found no fundamental error. Since the jury does not read the paragraph applying the law to the facts in a vacuum, neither should the reviewing court when looking for fundamental error. And indeed, this has been the longstanding rule.

*Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979) has often been cited as listing the types of situations where fundamental error in the jury charge exists. They are:

(1) when the court's charge omits an allegation in the indictment which is required to be proved;

(2) when the charge to the jury substitutes a theory of the offense com-

pletely different from the theory alleged in the indictment;

(3) when the charge to the jury authorizes conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment; or

(4) when the charge authorizes conviction for conduct which is not an offense, as well as for conduct which is an offense.

The case at bar contains none of these defects. Thus there is no fundamental error.

Finally, the majority opinion makes an alarming statement which I cannot, in all good conscience, ignore. Judge Odom writes that once fundamental error is found in the jury charge, reversal is automatic under Article 36.19, V.A.C.C.P. That is not an age old principle of law as the majority would have us believe, but it is an aberration of the law which this Court has perpetuated since the case of *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975). For a synopsis of the case law in this area, see my dissent in *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App.1982) (Opinion on State's Motion For Rehearing). Where appellant has shown no injury, reversal is *not* mandated when error is found in the jury charge.

Not only should this conviction be affirmed, but this Court should re-examine the holding in *Evans v. State,* supra, and overrule it once and for all. Until such time as the majority acts along those lines, I must continue to vigorously dissent.

W.C. DAVIS and DALLY, JJ., join in this dissent.