**Gary WHITEHEAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0042–CR.**

Court of Appeals of Texas, Tyler.

July 1, 1982.

Discretionary Review Refused Oct. 6, 1982.

Michael Allen Peters, Houston, for appellant.

Herbert Hancock, Dist. Atty., Martha J. Sullivan, Asst. Dist. Atty., Nacogdoches, Robert Huttash, State Pros. Atty., Austin, for appellee.

McKAY, Justice.

This is an appeal from an aggravated robbery conviction. After a jury found appellant guilty, it assessed punishment at 35 years confinement in the Texas Department of Corrections.

Mr. and Mrs. Jessie Sanford's liquor store was robbed on January 7, 1977. Two men committed this robbery, and the Sanfords identified appellant as one of the robbers.

Appellant's first ground of error is that the trial court committed reversible error because the charge to the jury omitted "while in the course of committing a theft," an essential element of aggravated robbery.

The indictment reads in part as follows:

Gary Whitehead ... did then and there knowingly and intentionally, while in the course of committing theft of current money of the United States of America, hereinafter called "the property," from Jessie Sanford, without the effective consent of Jessie Sanford, with intent to obtain and maintain control of

the property, using and exhibiting a deadly weapon, namely a pistol, knowingly and intentionally threaten and place Jessie Sanford in fear of imminent bodily injury and death . . . .

The jury was charged:

Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of January, 1977, in Nacogdoches County, Texas, the defendant, Gary Whitehead, *with intent to deprive Jessie Sanford, the owner, of his personal property, to wit, current money of the United States of America belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Jessie Sanford said money belonging to Jessie Sanford and that the defendant, in so doing,* and with intent to obtain or maintain control of said money, the defendant then and there intentionally and knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, the defendant used or exhibited a deadly weapon, to wit, a firearm, then you will find defendant guilty of aggravated robbery, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

*Evans v. State,* 606 S.W.2d 880 (Tex.Cr. App.1980) controls our decision. The charge in *Evans,* in all material parts, is identical to the charge in the instant case. The Court of Criminal Appeals reversed Evans' conviction because the charge "did not require the jury to find that the robbery occurred while in the course of committing theft . . . ." *Id.* at 883. The *Evans* charge was defective because it failed to require the jury to conclude that the appropriation or attempted appropriation was without the owner's effective consent. *Id.* The same defect is present in the charge given in the case at bar.

The State argues that the definitional section of the charge in the instant case includes a combination of terms and definitions which would lead the jury to make a finding including all components of the element "while in the course of committing a theft." The Court of Criminal Appeals, however, has rejected this argument in *Rushing v. State,* 621 S.W.2d 606 (Tex.Cr. App.1981) and *Young v. State,* 621 S.W.2d 779 (Tex.Cr.App.1981), as well as in *Evans.* The opinions of the Court of Criminal Appeals indicate that where the jury charge undertakes to set out the component elements of "while in course of committing a theft," it must include the language that the appropriation or attempted appropriation "was without the owner's effective consent."

The State points out that appellant failed to object to the charge. The defect in the charge, however, is fundamental. Thus, no objection was required. *See, Rushing v. State, supra* at 608; *Young v. State, supra* at 781; *Evans v. State, supra* at 881, 883.

Appellant's first ground of error is dispositive of the appeal. Since we sustain it, we do not reach his other grounds.

The judgment of the trial court is reversed and the cause is remanded.