**Keith Wayne SCHMIDT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63779.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1982.

Rehearing Denied Dec. 8, 1982.

Fred Dailey (Court-appointed), Henry R. Muller, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carl Haggard and Ted Poe, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction of three counts of aggravated robbery as set out in the indictment. Punishment was assessed by the trial court at 35 years for each of counts one and two, and 65 years for count three, all sentences to run concurrently.

Omitting the formal portions, the first count of the indictment in the instant case alleges that appellant:

"on or about July 12, 1977, did then and there unlawfully * * * * while in the course of committing theft of property owned by GRADY STEEPLES, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm."

The second and third counts alleged the offense in essentially the same terms, except for different dates and different victims.

In applying the law to the facts of the case, the court charged the jury as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 12th day of July, 1977, in Harris County, Texas, as charged in Count One of the indictment, the defendant, Keith Wayne Schmidt, with intent to deprive Grady Steeples, the owner, of his property, belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Grady Steeples said property belonging to Grady Steeples, and that the defendant, in so doing, and with intent to obtain or maintain control of said property then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and that the defendant used or exhibited a deadly weapon, to wit, a firearm, then you will find defendant guilty of aggravated robbery as charged in Count One of the indictment.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated robbery as charged in Count One of the indictment."

The charge under the second and third counts was substantially the same except for the dates and victims.

This case is controlled by *Evans v. State,* Tex.Cr.App., 606 S.W.2d 880, and *Hill v. State,* Tex.Cr.App., 640 S.W.2d 879. In *Evans* this Court stated an essential element of the offense of aggravated robbery, which must be pled and proven, is that the

offense was committed "in the course of committing theft." (Cases cited therein).

In the present case the court, in the definitional portion of the charge, set out the elements of theft and the element "in the course of committing theft." When both are defined, it is sufficient to charge the jury that it must find that the offense occurred "while in the course of committing theft" in order to convict. *Evans,* supra. If "while in the course of committing theft" is omitted from the portion of the charge applying the law to the facts, then the jury must be required to find *all* of the elements of theft, which must be set out in the paragraph applying the law to the facts. *Hill,* supra, and cases cited therein.

■ In the present case the charge, in the paragraph applying the law to the facts omitted an element of theft, "without the owner's effective consent," and also omitted "in the course of committing theft." They are set out in the definitional portion of the charge only. When a trial court charges a jury on the component parts of an element of the offense rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict. The jury charge in the present case did not do so. Therefore it is fundamentally defective. *Evans,* supra.

Accordingly, the judgment is reversed and the cause remanded.

McCORMICK, J., dissents.

CLINTON, Judge, dissenting.

For the reasons stated in my dissenting opinion in *Hill v. State,* 640 S.W.2d 879 (Tex. Cr.App.1982), I believe that the application paragraph in the charge in the instant case fairly required the jury to consider all elements of the offense of *aggravated robbery* in order to find the guilt of appellant. The present majority continues to adhere to *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App. 1980), and no doubt will do so in every similarly situated cause. To dissent to each such disposition in the immediate future is

a futile gesture. For now, this is the last one from the writer.

I respectfully dissent.

DALLY and W.C. DAVIS, JJ., join.