**Warren COSPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00237–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 23, 1983.

Robert C. Lyon, Jeff F. Smith, Mesquite, for appellant.

Thomas F. Lee, Dist. Atty., Marsha Monroe, Asst. Dist. Atty., Del Rio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for engaging in organized criminal activity, to-wit: theft of property of a value of more than $200.00 and less than $10,000.00, a violation of Tex.Penal Code Ann. § 71.02 (Vernon Supp. 1982–1983). Punishment was assessed at five (5) years' confinement in the Texas Department of Corrections and a fine of $2,000.00.

■ Appellant's first ground of error complains that the court's charge is fundamentally defective because it failed to instruct the jury that they were required to find beyond a reasonable doubt that the theft of the vehicle in question was "without the effective consent" of the owner. It is further asserted that, "without the owner's effective consent," is an essential element of the offense of theft. We agree and reverse the judgment.

Tex.Penal Code Ann. § 31.03 (Vernon Supp. 1982–1983) provides in pertinent part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) It is without the owner's effective consent. . . .

In the instant case the indictment charges that the defendant, "intentionally and unlawfully appropriated property, to-wit: a Ford truck." It thus appears that an appropriation becomes unlawful only if the taking is without the owner's effective consent. "It is clear that the Legislature intended to redefine theft as the unlawful appropriation of property with intent to deprive the owner of property rather than the former prohibition against the *obtaining* unlawfully or *the exercising of control,*

other than real property, unlawfully." *Rider v. State,* 567 S.W.2d 192 (Tex.Cr.App. 1978). *See also* Tex.Penal Code Ann. § 31.03, Suggested Form of Charge (Branch's Supp.1980).

In *Bradley v. State,* 560 S.W.2d 650 (Tex. Cr.App.1978), cited with approval by *Rider v. State, supra,* the trial court allowed the jury to convict the appellant without finding that the taking was without the owner's effective consent. The Court of Criminal Appeals ruled that the charge was fundamentally defective because it allowed the jury to convict appellant without finding all of the statutory elements of the offense.

■ The four kinds of fundamental error in a trial court's charge requiring reversal have been ruled by the Court of Criminal Appeals of Texas as: (1) authorization of any diminution of the State's burden of proof; (2) authorization of conviction for conduct which does not constitute a criminal offense; (3) authorization of conviction for an offense of which the accused had no notice; and (4) the omission of an essential element of the crime charged. *See Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App. 1980); *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979). In considering the omission in the charge under the *Cumbie* rule, *supra,* the failure of appellant to object to the charge as required by Tex.Code Crim.Pro.Ann. art. 36.14 (Vernon 1981), and the failure to submit a requested charge under Tex.Code Crim.Pro.Ann. art. 36.15 (Vernon 1981), we must consider the entire charge to determine whether the error is such as is calculated to injure the rights of appellant and to deny him a fair and impartial trial.

Here, we find that the term "combination" and the offense of "theft" were properly defined in the definitional portion of the charge. The court's charge, however, did not require the jury to find that engaging in organized criminal activity occurred while in the course of committing "theft." The court proceeded to set out the component parts of theft: (1) intentionally and unlawfully appropriate property, to wit: a

Ford truck; (2) of a value of more than $200.00 and less than $10,000.00; (3) from James Benze the owner thereof; (4) with intent to deprive Benze of said property. The court omitted an essential part of the offense of "theft" when it did not require the jury to find that appellant took the property in question *"without the owner's effective consent."* The charge is fundamentally defective. *See Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980); *Woods v. State,* No. 62,427 (Tex.Cr.App.—November 24, 1982). The Court of Criminal Appeals, in an en banc decision, has recently reaffirmed the ruling in *Evans, supra,* which controls this case. *See Schmidt v. State,* 641 S.W.2d 244 (Tex.Cr.App.1982).

Hence we conclude that appellant was denied a fair and impartial trial. The error in omitting from the charge, "without the owner's effective consent," constituted fundamental error. Further, the charge diminished the State's burden of proof, authorized a conviction for conduct which does not constitute a criminal offense, and omitted an essential element of the offense of theft. We find that appellant was denied a fair and impartial trial, thus appellant's first ground of error is sustained. Consequently, we do not reach appellant's other grounds of error.

The judgment of the trial court is reversed and the cause remanded.

BUTTS, Justice, concurring.

I concur only because a majority of the Court of Criminal Appeals, in *Schmidt v. State,* 641 S.W.2d 244 (Tex.Cr.App.1982) and *Evans v. State,* 606 S.W.2d 880 (Tex.Cr. App.1980), have addressed this contention and sustained it. It is my belief that the application paragraph in the charge does fairly require the jury to consider all the elements of the offense of engaging in organized criminal activity. I agree with the dissenting opinion of Judge Clinton in *Hill v. State,* 640 S.W.2d 879 (Tex.Cr.App.1982). *Evans, supra,* and its progeny should be overruled.

DIAL, Justice, dissenting.

I dissent.

I know of no reported case in which the Court of Criminal Appeals has written on a jury charge used in a trial for the offense of engaging in organized criminal activity. Tex.Penal Code Ann. § 71.02 (Vernon Supp. 1982–1983). The majority assumes that we should follow as precedent decisions by the higher court in aggravated robbery cases. I disagree.

If the Court of Criminal Appeals grants discretionary review, I would hope and urge that the holdings in *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980) and its progeny be reexamined. I agree with the sound reasoning of Judge McCormick in his dissent in *Williams v. State,* 622 S.W.2d 95 (Tex.Cr.App.1981) and Judge Clinton in his dissent in *Hill v. State,* 640 S.W.2d 879 (Tex.Cr.App.1982).

Here, the jury was given the definition of theft in the words of Tex.Penal Code Ann. § 31.03 (Vernon Supp. 1982–1983). "Appropriate" was defined exactly as in Tex. Penal Code Ann. § 31.01(5)(B) (Vernon Supp. 1982–1983). The jury was then told, "Appropriation of property is unlawful if it is without the owner's effective consent." The jury had to find all the requisite elements of the crime charged in order to convict. There was no objection to this part of the charge, and none of the twenty-six (26) specially requested charges concerned this issue.

The Legislature could not have given us stronger guidance than Tex.Code Crim.Pro. Ann. art. 36.19 (Vernon 1981), dealing with review of a court's charge on appeal, where it is stated "[T]he judgment *shall not be reversed* unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." (Emphasis added). The error complained of harmed the defendant in no way and had absolutely no bearing on the fairness of the trial. I believe this court should follow the mandatory provisions of art. 36.19 and affirm the conviction.