**Jesus ROJAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00190–CR.**

Court of Appeals of Texas, San Antonio.

April 24, 1985.

Rogelio Munoz, Uvalde, Filemon Ortiz, Ortiz & Sumpter, Del Rio, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for engaging in organized criminal activity pursuant to TEX.PENAL CODE ANN. § 71.02 (Vernon Supp.1985). Trial was to a jury which, after convicting the appellant, assessed his punishment at incarceration in the Texas Department of Corrections for seventy years. Appellant presents seven grounds of error. We affirm.

In ground of error number one, appellant contends he was denied effective assistance of counsel. In support of his argument, appellant states that trial counsel's dual representation of appellant and another co-defendant created a conflict of interest. We note that on August 31, 1983, this case was abated for an evidentiary hearing to determine whether the appellant was informed of the possible conflict of interest. The result of said hearing is now before this court.

The record of the testimony adduced at the hearing supports the following facts as found by the trial court:

1. Counsel for the Defendant at trial, Theodore A. Hargrove, III, was also counsel for a co-defendant-nephew of the defendant.

2. That on motion filed by Mr. Hargrove, the co-defendant, Eloy Rojas, was severed and the trial proceeded with Jesus Rojas the only defendant.

\* \* \* \* \* \*

4. That Mr. Hargrove discussed 'potential conflict' with Jesus Rojas on several occasions.

\* \* \* \* \* \*

6. That Mr. Hargrove discussed the ramifications of the Defendant testifying, with the Defendant.

7. That Mr. Hargrove made a determination that Eloy Rojas' testimony could not be the 'slightest bit detrimental' to the Jesus Rojas case.

8. That Mr. Hargrove discussed the possibility of whether or not Eloy Rojas should testify with Jesus Rojas.

9. That the Defendant, Jesus Rojas, recommended to Mr. Hargrove that Eloy Rojas testify.

10. That in the opinion of Mr. Hargrove, Eloy Rojas did not state anything in his testimony that was detrimental to the Jesus Rojas case.

\* \* \* \* \* \*

12. That the interests of Jesus Rojas and Eloy Rojas, within the purview of the Jesus Rojas case, were not conflicting interests.

Inasmuch as the trials of Eloy and Jesus were severed and Eloy testified as a defense witness and the record reflects that nothing Eloy testified to conflicted with Jesus Rojas' defense, there was no antagonism between Eloy and Jesus and trial counsel was not ineffective for representing both defendants in separate trials. Further, appellant fails to show this court how he may have been harmed by his nephew's testifying at his trial. Ground of error number one is overruled.

■ In ground of error number four, the appellant argues he was denied effective assistance of counsel because he was advised by his trial attorney to admit to the possession of stolen firearms without properly being advised of the possible consequences. The attorney representing appellant at his trial in Texas was also representing appellant on a concurrent charge in the State of Wyoming. The Wyoming prosecutor promised appellant probation if he admitted he was involved in possessing stolen firearms and plead guilty to that charge. The appellant did admit that he was involved in receiving firearms and after pleading guilty to the charge in Wyoming, received probation. The appellant, however, argues that he was never advised that at the time the plea negotiations were taking place in Wyoming, the district attorney in Texas was preparing his case against him and had been in communication with the Wyoming prosecutor. Appellant argues that his attorney should have advised him of available options and possible consequences of his admissions in the State of Wyoming. Appellant further argues that trial counsel could not provide him with an understanding of the law because counsel did not advise him that his plea in Wyoming could be used against him in Texas. In response to this argument, the State refers this court to the statement of facts generated during the evidentiary hearing that was conducted after we abated this appeal initially. Appellant's trial counsel testified that appellant inquired whether his plea in Wyoming could hurt him in Texas. Counsel testified that he told the appellant that it was possible it could hurt him in Texas if the authorities could connect his plea on a charge of possessing stolen firearms in Wyoming with reports of stolen firearms in Kimble County in Texas. Counsel further testified that he told the appellant that if he pled guilty in Wyoming, that plea could be used against him in Texas. Counsel also testified that he discussed the plea and its ramifications with appellant on several occasions, and further, that appellant was elated at the prospect of a plea bargain because he had a prior criminal record in Wyoming. The evidence clearly shows appellant was advised of the possible consequences of his plea in Wyoming. Ground of error number four is overruled.

In ground of error number two, appellant contends that the court's charge was fundamentally defective because it allowed the jury to convict him if it found that he had participated in a combination *or* in the profits of a combination, while the indictment alleged that the defendant had participated in the combination *and* in the profits of a combination. Appellant argues that the court's charge is a diminution of the State's burden of proof and violates the rule announced in *Cosper v. State*, 646 S.W.2d 676, 677 (Tex.App.—San Antonio), *pet. granted per curiam*, 650 S.W.2d 839 (Tex.Crim.App.1983) (remanded for determination of unaddressed grounds of error). We disagree with appellant's characterization. In *Cumbie v. State*, 578 S.W.2d 732, 733 (Tex.Crim.App.1979),[1] the court of criminal appeals stated that a diminution of the State's burden of proof occurs where there is "[a]n omission from the court's charge of an allegation in the indictment which is required to be proved...." We do not view the phrasing of indictment allegations in the conjunctive and jury instructions in the disjunctive as any diminution in the State's burden of proof. As stated by the court of criminal appeals in *Robinson v. State*, 596 S.W.2d 130, 134 (Tex.Crim.App.1980) (on rehearing), the "conjunctive/disjunctive system of pleading and charging has been sanctioned by this Court; fundamental error is not present in such instances." We note further that the charge in the disjunctive was not objected to at trial and any non-fundamental defect was therefore waived. *See Mott v. State*, 543 S.W.2d 623, 626 (Tex. Crim.App.1976); *Moreno v. State*, 541 S.W.2d 170, 173 (Tex.Crim.App.1976). Appellant's ground of error number two is overruled.

In ground of error number three the appellant alleges the court's charge was fundamentally defective because it did not properly define the offense of theft. The court's charge relative to this ground of error is as follows:

'Theft,' as used herein, is the unlawful appropriation of the corporeal personal property of another, with intent to deprive such other person of said property.

'Appropriation' and 'appropriate,' as those terms are used herein, mean to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1985) defines theft as:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; or

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another.

\*    \*    \*    \*    \*    \*

*Id.*

The appellant's argument in his brief is that the court's charge authorized a conviction if the appellant unlawfully appropriated the personal property of another with intent to deprive the *"other person"* of that property; whereas, section 31.03 of the Penal Code provides that a person commits an offense if he unlawfully appropriates property with intent to deprive the "owner" of the property. Again, appellant cites this court to *Cosper*, 646 S.W.2d at 678. We do not find the opinion in that case to be dispositive of this issue. Again, we turn to *Cumbie*, 578 S.W.2d at 735.[2] There, the court of criminal appeals discussed what type of charge would authorize a conviction for conduct which does not constitute a criminal offense. The court

---

**1.** This court is aware that the holding in *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App.1979), was partially overruled in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). We refer to *Cumbie*, however, not for its holding, but for the reasoning therein.

**2.** *See supra* note 1.

stated that while such an erroneous charge may be attended by an omission of an essential element, similar to a charge that authorizes a diminution of the State's burden of proof, it also includes an addition of some element which abrogates the criminal features of otherwise prescribed conduct which is correctly alleged by the State's indictment. We hold that the substitution in the court's charge of the words "other person" for the word "owner" is not the addition of some element which abrogates the criminal features of otherwise prescribed conduct. We find that the terms "theft," "appropriation" and "appropriate" were properly defined in the court's charge. To find that the appellant had committed a theft, the jury would have to find that he unlawfully appropriated the personal property of another, with intent to deprive that other person of the property. To find that he appropriated the property, they would have to find that he acquired or otherwise exercised control over property other than real property. For the jury to find that the appropriation of property was unlawful, they would have to find that said appropriation was without the *owner's effective consent.* We hold that the court's charge does not authorize a conviction for conduct which does not constitute a criminal offense. Further, the charge was not objected to at trial and any non-fundamental defect was waived. *See Mott,* 543 S.W.2d at 626; *Moreno,* 541 S.W.2d at 173. Appellant's ground of error number three is overruled.

In ground of error number five, the appellant alleges that the indictment under which he was charged and tried is fundamentally defective because it did not state with any certainty which burglary or which theft he collaborated in, in combination with others. In support of his argument, the appellant refers this court to TEX.PENAL CODE ANN. § 71.02 (Vernon Supp. 1985), wherein it is stated:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or

conspires to commit one or more of the following:

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, aggravated assault, or forgery. . . .

    \*     \*     \*     \*     \*     \*

*Id.*

■ The appellant argues that to be valid, an indictment under this statute must allege which particular offense the parties participated in and then set out the overt acts committed by the parties in carrying out that particular crime. The appellant points out that the indictment charged him with agreeing with his other defendants to engage in conduct constituting burglary or theft, but it did not specify which particular offense was committed.

■ We disagree with appellant's characterization of this as fundamental error. What appellant seems to be arguing is notice, not jurisdiction. Therefore, any error is not fundamental and something that could have been cured by a proper motion to quash which was not filed in this case. As a general rule, an indictment which tracks the language in the statute is usually sufficient to allege an offense and to give the accused notice of the charges against him. *See Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Crim.App.1981) (on rehearing); *Burney v. State,* 171 Tex.Crim. 274, 347 S.W.2d 723, 725 (1961). When an act is statutorily defined by more than one means or manner, on timely request, the State must allege the means. *See Ferguson v. State,* 622 S.W.2d 846, 851 (Tex. Crim.App.1981) (on rehearing). The indictment sub judice is worded in the same manner as the indictment found sufficient to allege an offense in *Clayton v. State,* 652 S.W.2d 950, 955 (Tex.Crim.App.1983). We therefore hold that the indictment is sufficient to allege an offense. Thus the only viable complaint appellant has is that the indictment did not give him sufficient notice of the specific acts which were alleged to constitute his role or involvement in the offense. The proper method to chal-

lenge this would have been by a proper and timely motion to quash the indictment. *See Lindsay v. State*, 588 S.W.2d 570, 572 (Tex. Crim.App.1979). Since no proper and timely motion to quash the indictment was presented to the trial court in this case, nothing is presented for review. Ground of error number five is overruled.

In ground of error number six, the appellant argues that the verdict of the jury in this case was not responsive to the offense charged in the indictment and should therefore be set aside. In support of his argument, the appellant argues that the jury was charged that if they believed the evidence beyond a reasonable doubt "you will find the defendant, Jesus Rojas, guilty of the offense of Engaging in Organized Criminal Activity...." The jury, however, found "the defendant, Jesus Rojas, guilty of the offense of Engaging in Organized Criminal Activity, to-wit: conspiracy to commit the offense of Burglary of a habitation [sic]." The appellant argues that the jury by its answer attempted to find the appellant guilty of TEX.PENAL CODE ANN. § 15.02 (Vernon 1974), which is conspiracy to commit the offense of burglary of a habitation, a second degree felony. Although in the indictment the defendant was never charged with the offense of conspiracy to commit the offense of burglary of a habitation, the appellant argues that the jury nevertheless so found. Therefore, since the jury found the appellant guilty of an offense not charged in the indictment, the verdict should not stand. We do not agree with the appellant's position. TEX.PENAL CODE ANN. § 71.01(b) (Vernon Supp.1985) reads as follows:

'Conspires to commit' means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement. An agreement constituting conspiring to commit may be inferred from the acts of the parties.

*Id.*

Appellant was charged with the offense of engaging in organized criminal activity under TEX.PENAL CODE ANN. § 71.-02(a)(1) (Vernon Supp.1985), which proscribes, inter alia, conspiring to commit burglary or theft. Section 71.02(a)(1) does not specify burglary of a building or burglary of a habitation. It does not specify misdemeanor or felony theft.

■■■■■ Section 71.02(c) (Vernon Supp. 1985), provides that "[c]onspiring to commit an offense under this section is of the same degree as the most serious offense listed in Subdivisions (1) through (7) of Subsection (a) of this section that the person conspired to commit." In order to determine the degree of conspiracy to commit an offense, it was necessary for the jury to determine, in this case, the type of burglary that the defendant conspired to commit. It is axiomatic that an indictment or information should allege facts which may effect the degree or type of punishment. *See Peoples v. State*, 566 S.W.2d 640, 641 (Tex. Crim.App.1978). The indictment in this case does so by setting out the overt acts. All of the overt acts alleged in the indictment and all of the evidence adduced at trial concern burglaries of habitations, first degree felonies, rather than burglaries of buildings. We hold, therefore, there was no issue before the jury as to whether or not the appellant conspired to burglarize a building other than a habitation and no charge or verdict on that issue was necessary or proper. The appellant was found guilty of engaging in organized criminal activity, the offense for which he was charged in the indictment. The additional language "to-wit: conspiracy to commit the offense of Burglary of a habitation [sic]," merely determines the degree of the offense and does not convict appellant of an offense not charged in the indictment. Appellant's ground of error number six is overruled.

■■■■■ In his final ground of error, the appellant argues that the evidence adduced at trial did not support the jury's finding that the appellant had engaged in organized criminal activity. In support of his contention, appellant argues that although

the State may have been able to show that appellant was buying property that other people had stolen, at no time was the State able to show that appellant conspired to commit with five or more people any one of the burglaries mentioned in the indictment. The State offered evidence of six burglaries allegedly committed by Daniel Escamilla, Eloy Rojas, Horatio Escamilla and Nicanor Zamora Hernandez. TEX.PENAL CODE ANN. § 71.01(a) (Vernon Supp. 1985), defines combination as "five or more persons who collaborate in carrying on criminal activities...." TEX.PENAL CODE ANN. § 71.01(b) (Vernon Supp. 1985), makes it clear that all persons involved in the combination need not commit criminal offenses. It is enough to show that, pursuant to the agreement, one or more of the persons engages in conduct that would constitute an offense and that defendant and one or more others performs an overt act in pursuance of the agreement. It was not necessary for the State to show that appellant himself committed a burglary. He conspired with the others named in the indictment for the commission of burglaries. Although the others actually did the burglarizing, he suggested places to hit, indicated the kind of property to take, bought stolen property, and re-sold some of the stolen property. The evidence adduced at trial was clearly sufficient to support the jury's findings that appellant had engaged in organized criminal activity. Appellant's ground of error number seven is overruled.

Accordingly, the judgment of conviction is affirmed.