**James Ray YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 56750.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 29, 1978.

Tom A. Boardman, Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler, Winfield Scott and David C. Schick, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for the offense of burglary of a building. V.T.C.A. Penal Code, Sec. 30.02(a)(1). The jury found that the appellant had been twice before convicted of felony offenses and punishment was assessed at life. V.T.C.A. Penal Code, Sec. 12.42(d).

The record reflects that B. D. Hammer, a Dallas police officer, answered a silent burglar alarm at a Dallas pharmacy on May 21, 1976. When he arrived at the scene, he observed that entry had been made through the building's roof. Appellant was arrested inside the building with socks on his hands. The owner of the building testified that his store had been broken into and that drugs inside had been removed from their normal containers. The sufficiency of the evidence is not challenged.

In a single ground of error, appellant contends that the charge is fundamentally defective because the trial court failed to define the word "deprive."

The indictment charged the appellant with burglary of a building with intent to commit theft. The charge as given provides in pertinent part as follows:

"Our law provides that a person commits an offense if without the effective consent of the owner, he enters a building (or any portion of a building) not then open to the public with intent to commit a felony or any theft."

The trial court defined "theft" as given in the charge to mean: "the unlawful exercise of control over the corporeal personal property of another, without the effective consent of such other person, and with the intent to deprive such other person of said property." In applying the law to the facts, the court charged the jury as follows:

"Now, if you find from the evidence, beyond a reasonable doubt, that in Dallas County, Texas, on or about the 21st day of May, 1976, the defendant, James Ray Young, did then and there intentionally or knowingly, enter a building not then and there open to the public, without the effective consent of Glenn Felty, the owner of said building, with intent to commit theft, to wit: with intent then and there to obtain property unlawfully from Glenn Felty, without the effective consent of Glenn Felty, the owner of said property, and with intent to deprive the said Glenn Felty, of said property, then, you will find the defendant guilty of burglary, as charged in the indictment, and you will make no finding in your verdict as to punishment.

"If you do not so find and believe from the evidence, beyond a reasonable doubt, or if you have a reasonable doubt thereof, then, you will find the defendant not guilty."

The appellant argues that since the word "deprive" is defined in V.T.C.A. Penal Code, Sec. 31.01(3), it should have been defined in the charge. The appellant's position is that since the "intent to commit theft" is a key element in the offense of burglary, the failure of the trial court to define every term which makes up the offense of theft is fundamental error.

In *Mendoza v. State*, 491 S.W.2d 888 (Tex.Cr.App.1973), a conviction for murder with malice was reversed where the charge authorized the conviction for murder without requiring the jury to find an intent to kill. In *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App.1975), this Court held a charge fundamentally defective which totally failed to apply the law of rape to the evidence.

*Rider v. State*, 567 S.W.2d 192 (Tex.Cr.App.1978), is instructive. The court in *Rider* defined theft abstractly in the context of a burglary case utilizing the elements of theft as they had existed prior to 1975

amendments to V.T.C.A. Penal Code, Sec. 31.03. See *Rider v. State,* supra. With respect to the error in the definition of theft in *Rider,* this Court observed:

"While the trial court in the instant case defined 'theft' abstractly under the third mode of the former version of the statute rather than under the 1975 amendments as it should have done, there is no error because the meaning was essentially the same and no objection was addressed thereto."

The definition of "deprive" under V.T. C.A. Penal Code, Sec. 31.01(3), is clearly more expansive than the common usage of the term since, for example, it may include "to dispose of property in a manner that makes recovery of the property by the owner unlikely." The failure to include the statutory definition of the term "deprive" cannot be characterized as injurious in any manner to the rights of the appellant. Cf. *Romo v. State,* 568 S.W.2d 298 (Tex.Cr.App. 1978). Nor is this a case where the charge fails to apply the law to the facts, see, e. g., *Harris v. State,* supra, or where the charge authorizes conviction on a theory not alleged in the indictment. See, e. g., *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App. 1977).

We find no fundamental error in the court's charge.

The judgment is affirmed.